UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

RPM CARE, LLC, ASHLEY PACE and
SCOTT COLEMAN,

                Plaintiffs,

        v.

STREETDIVVY, INC. and JOSHUA
JACKSON,

                Defendants.

Case No. 2:21-cv-02538-JPM-atc

## ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiffs RPM Care, LLC ("RPM"), Ashley Pace ("Pace"), and Scott Coleman's ("Coleman") (collectively, "Plaintiffs") Motion for Default Judgment and Pre-Hearing Brief, filed on October 4, 2021. (ECF No. 16.) Pursuant to Rule 55(b)(2), the Court finds the Motion is well-taken, and it is therefore GRANTED. Based on Plaintiffs' Motion, the declarations submitted therewith, the evidence adduced at the October 7, 2020 hearing, the arguments of counsel, and the entire record in this case, the Court finds as follows:

    1.    Plaintiffs filed their Complaint against Defendants StreetDivvy, Inc. ("StreetDivvy") and Joshua Jackson ("Jackson") (collectively, "Defendants") on August 19, 2021. (See ECF No. 1.)

    2.    On August 24, 2021, StreetDivvy was served via private process server, who delivered a copy of the Complaint and Summons to StreetDivvy's registered agent at 9900 Spectrum Drive, Austin, Texas 78717.

3.      On August 30, 2021, Jackson was served via private process server, who delivered a copy of the Complaint and Summons to Jackson's wife, Alyssa Paige Jackson, at 260 Glenview Avenue, Flower Mound, Texas 75028.

4.      Defendants have not answered or otherwise responded to the Complaint.

5.      On motion from Plaintiffs, the Clerk entered default against StreetDivvy and Jackson on September 17, 2021, and September 23, 2021, respectively. (See ECF Nos. 11, 13.)

6.      Defendants have not appeared personally or by representative in this matter.

7.      Because of Defendants' defaults, they have admitted the well-pleaded factual allegations contained in the Complaint.

8.      The Court finds, based upon the allegations contained in the Complaint, that Defendants are liable to Plaintiff for breach of contract/unjust enrichment and for fraudulent misrepresentation. Defendant Jackson and his company StreetDivvy, over a period of several months, engaged in a scheme and artifice to defraud RPM Care, LLC and its principals Ashley Pace and Scott Coleman. This scheme included numerous false statements and representations by which Jackson cultivated the trust of Pace and Coleman and by which Jackson assured Pace and Coleman of the bona fides of a real estate investment scheme involving purported property in Roanoke, Texas. Jackson made promises regarding the use and security of funds ultimately obtained from RPM Care, LLC and its principals Pace and Coleman.

9.      Based upon the allegations in Plaintiffs' Complaint, the Declaration of Ashley Pace submitted with Plaintiffs' Pre-Hearing Brief, and the evidence adduced at the October 7, 2021 hearing, the Court finds Defendants jointly and severally liable to Plaintiffs in the amount of $150,000.00, the amount of the cash advanced by Plaintiffs to Jackson and StreetDivvy on April 19 and 20, 2021. (Trial Exh. 1.)

10. Moreover, based upon the allegations in Plaintiffs' Complaint, the Declaration of Ashley Pace submitted with Plaintiffs' Pre-Hearing Brief, and the evidence adduced at the October 7, 2021 hearing, the Court finds that Defendants acted intentionally, fraudulently, and maliciously in inducing Plaintiffs to wire $150,000.00 to Defendants under false pretenses. The Court finds that the criteria for the award of punitive damages set out in Hodges v. S.C. Toof & Co., 833 S.W.2d 896 (Tenn. 1992) are met in the instant case. Punitive damages are awarded in "the most egregious of cases." Id. at 901. A defendant's conduct must be proven by clear and convincing evidence to have been "intentional, fraudulent, malicious, or reckless." Id. Punitive damages serve the dual purposes of punishment and deterrence. Id. Defendants Jackson and StreetDivvy engaged in activities and representations through meetings, the cultivation of personal relations (Jackson even stayed at Pace's home in Memphis), and the presentation of detailed business documents (a spreadsheet of "projects" with expected returns was reviewed at Jackson's office in Texas) that were all designed to allay, and reasonably did allay, the business concerns of Pace and Coleman. The Plaintiffs, while sophisticated in healthcare business matters, were relatively unfamiliar with multiple-unit real estate development. Moreover, once Defendants' wrongdoing became known, Jackson took no steps to remedy the fraud which he had cleverly concealed. Thus, punitive damages in this case are necessary both to punish the fraudulent conduct in this case and to deter Defendants Jackson and StreetDivvy, Inc. from further fraud in the future. Therefore, the Court finds that an award of $300,000.00 in punitive damages is appropriate in this case.

11. Accordingly, judgment shall be entered in favor of Plaintiffs and against Defendants in the amount of $450,000.00, with costs to be taxed against Defendants.

IT IS SO ORDERED, this 8th day of October, 2021.

/s/ Jon P. McCalla
JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE